USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/2/2020

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **RACKWISE INC.** | : | Civil Action No. 19-11094 |
| **Plaintiff** | : | |
| v. | : | CIVIL CASE |
| **FOLEY SHECHTER ABLOVATSKIY, LLP** | : | |
| and | : | |
| **JONATHAN R. SHECHTER, ESQUIRE** | : | CONFIDENTIALITY |
| and | : | STIPULATION |
| **ALEXANDER ABLOVATSKIY, ESQUIRE** | : | |
| **Defendants** | : | |

## CONFIDENTIAL MATERIALS

WHEREAS, the parties (the "Parties," each a "Party") to the above-captioned action (the "Litigation") are engaged in discovery proceedings, which include, among other things, taking depositions and producing documents;

WHEREAS, these discovery proceedings necessarily involve the production of certain information that the Parties believe to be confidential and sensitive personal, commercial, financial, or business information; and

IT IS HEREBY STIPULATED AND AGREED, by and among the Parties hereto through their undersigned counsel, subject to the approval of the Court, that this Stipulation and Protective Order Governing the Production and Exchange of Confidential Information ("Stipulation and Protective Order") will govern the handling of documents, depositions, deposition transcripts, deposition exhibits, interrogatory responses, admissions, and any other information produced, given, or exchanged by and among all Parties and non-parties to the Litigation (including all copies, abstracts, digests, notes and summaries thereof, as well as any and all information contained therein or derived therefrom) in connection with discovery in the Litigation (such information is referred to herein as "Discovery Material" and the Party or non-

party producing, giving, or exchanging such Discovery Material is referred to as the "Producing Party"):

1. <u>Definitions</u>.  The following definitions shall apply to this Stipulation and Protective Order:

   a) "Confidential Information" shall mean Discovery Material designated as CONFIDENTIAL under the terms of Paragraph 2 of this Stipulation and Protective Order, and the sum, substance and/or contents of such documents, materials and information, and any copies, drafts, excerpts, notes, memoranda and summaries thereof or relating thereto.

   b) "Disclosure" and "disclosed" as used in this Stipulation and Protective Order include, without limitation, allowing or failing to take reasonable steps to prevent: (a) visual inspection of designated Confidential Information (or any summary, description, abstract, or index thereof) by an individual not authorized under this Order or (b) any communication disclosing the substance of designated Confidential Information or the specific terms detailed therein (or any summary, description, abstract, or index thereof) to an individual not authorized under this Order.  The Parties agree, however, that nothing herein shall prevent the Parties' counsel from giving legal advice to their respective clients and/or their clients' insurer based on Discovery Materials protected by this Stipulation and Order.

2. <u>Designation of Discovery Materials as CONFIDENTIAL</u>.

   a) Any Party producing documents or other information in this litigation may designate the Discovery Material, or any part thereof, as CONFIDENTIAL by stamping each page containing such matter with the word CONFIDENTIAL.  Only documents and

information that the designating person believes in good faith contain or reflect non-public or confidential personal, business, strategic, proprietary, or commercially sensitive information not appropriate for public disclosure under Rule 26(c) of the Federal Rules of Civil Procedure shall be designated as CONFIDENTIAL.

    b)    Unless otherwise ordered by the Court, Confidential Information shall be maintained in confidence solely for use in connection with the Litigation and shall not be used in any way for any other purpose, including any business purpose, and such materials shall not be disclosed to any person except:

    i.    a named Party and a named Party's insurer;

    ii.    the officers, directors, partners, associates or employees of a named Party, to the extent that such disclosure is reasonably necessary for the prosecution or defense of the Litigation;

    iii.    counsel who represent the Parties in this Litigation (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying services and outside litigation support services) who are assisting with the Litigation for use in accordance with this Stipulation and Protective Order;

    iv.    an expert, advisor or consultant retained by counsel for a named Party in connection with the prosecution or defense of the Litigation, to the extent such disclosure is reasonably necessary for the prosecution or defense of the Litigation, and provided that said individual(s) execute the Non-Disclosure Agreement annexed hereto as Exhibit A;

   v.  a Party or non-party witness and counsel for such witness in the course of the witness' testimony in a deposition or trial conducted in the Litigation to the extent reasonably deemed necessary by counsel for a named Party in order to examine such witness;

   vi.  the Court and its legal, clerical, secretarial and other supporting staff and assistants, including a stenographic reporter or certified videotape operator engaged in such proceedings as are necessary and/or incident to any hearing and/or trial of the Litigation.

   vii.  court reporters, videographers, and their staff during depositions and/or any other proceeding(s) in the Litigation;

   viii.  professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this Litigation, provided that these individuals execute the Non-Disclosure Agreement annexed hereto as Exhibit A;

   ix.  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

   x.  as required by law, including by any court or regulator, pursuant to the terms of Paragraph 13 herein; and

   xi.  to the extent reasonably requested by the auditors, accountants and/or reinsurers of any Party or Party's insurer.

  3.  <u>Designation of Deposition Transcripts or Other Pre-Trial Testimony</u>.  Depositions or other pretrial testimony may be designated as Confidential in the following manner: by (i) a statement on the record, by counsel, that certain information or testimony is Confidential, or (ii)

4

4814-1675-9857.1

written notice, sent by counsel to all Parties within ten (10) business days of receipt of the final transcript, stating that the entire deposition transcript or testimony, or portions thereof, is so designated. All depositions and other pretrial testimony will be deemed to be Confidential until the expiration of the tenth business day after counsel receive a copy of the final transcript thereof, after which such deposition and other pretrial testimony will be treated in accordance with its confidentiality designation, if any. Only those portions of the transcripts or testimony designated as CONFIDENTIAL in the Litigation will be deemed Confidential Discovery Material, respectively. The Parties may modify this procedure for any particular deposition or other pre-trial testimony, through an agreement on the record at such deposition or testimony, without further order of the Court.

4. <u>Designation of Documents Produced by Non-Parties</u>. In the case of Discovery Material produced by a non-party to this case, a Party shall notify all counsel of record in writing within five business days after receipt of the specific Discovery to be designated CONFIDENTIAL by a Party.

5. <u>Use of Discovery Materials In Court</u>. Nothing contained in this Stipulation and Protective Order shall prevent a Party from using Discovery Material designated CONFIDENTIAL, or from referring to or reciting any information contained in such materials, in proceedings before this Court, including motion papers, affidavits, briefs, or other papers and depositions filed with Court, or at any hearing, conference or trial before the Court. All material designated CONFIDENTIAL filed with the Court, and any pleading, motion paper, affidavit, deposition transcript, brief, memorandum or other paper filed with the Court disclosing such material, shall be identified as CONFIDENTIAL, filed under seal and kept under seal until further order of the Court. In the event of a filing under seal, Parties should publicly file a

4814-1675-9857.1

redacted version of the submission to the extent practicable.  This Stipulation and Protective Order shall not be construed to prevent examination of any person as a witness at trial or during deposition concerning any Confidential Discovery Material which that person had lawfully received before or apart from the Litigation.  Any Producing Party and its directors, officers and employees may be examined at trial or during deposition regarding the Confidential Discovery Material.  Any non-Producing Party or non-party witness may also be examined at any hearing, trial or during deposition regarding Confidential Discovery Material to the extent reasonably deemed necessary by counsel for a named Party in order to examine such witness.

6.      <u>Sharing Confidential Discovery Materials with Experts.</u>  Confidential Discovery Materials may be disclosed to an expert, advisor or consultant only to the extent reasonably necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this Litigation, provided that such expert or consultant (i) is not currently an employee of, or advising or discussing employment with, or consultant to, any Party or any competitor or potential transaction counterparty of any Party to this Litigation, as far as the expert or consultant can reasonably determine, and (ii) is using said Confidential Discovery Material solely in connection with this Litigation; and further provided that such expert or consultant agrees to be bound by the terms of this Stipulation and Protective Order by signing an undertaking in the form attached as Exhibit A hereto.  Counsel for the Party showing, providing, or disclosing Confidential Discovery Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and retaining an executed copy thereof.  Under no circumstances shall an expert or consultant who is a competitor of a Party, who is an employee of a competitor of a Party, or who is providing services to any of the foregoing, be provided access to Confidential Discovery

Material absent further order of the Court or consent of the Producing Party. "Competitors" are persons or entities endeavoring to engage in the same or similar lines of business, provide the same or similar services, sell the same or similar products, as well as any persons who are actually engaged in any of these activities.

7. <u>Objections</u>.  The Parties may agree in writing or on the record, without further order of this Court, to allow disclosure of Discovery Material to an individual who otherwise would not be authorized to receive such Discovery Material.  Should any Party to whom discovery materials are disclosed at any time thereafter object to the designation of such information as CONFIDENTIAL, and should the objecting Party be unable informally to resolve such dispute with the Party designating such discovery materials as CONFIDENTIAL, then the objecting Party may in that event submit the dispute to the Court for resolution.  Upon submission of such dispute to the Court, the Parties acknowledge that it is their intention that issues concerning the confidentiality of any documents or information disclosed hereunder be determined under and pursuant to the Federal Rules of Civil Procedure and the legal authorities applicable hereto as the same may then be in effect.  Until said dispute is resolved by the Court, the documents or information shall retain their designation as CONFIDENTIAL and thereafter shall be designated as the Court may direct, *provided*, that nothing contained herein shall be deemed to waive or otherwise limit the right of any Party to appeal or seek review from the determination by the Court of any such dispute.

If the Court orders that any documents or information should not be so designated, said documents or information shall nevertheless continue to be treated as CONFIDENTIAL, *provided* that the Producing Party files an appeal or writ of mandamus from such Order within

7

fourteen (14) days, and such designation shall remain in effect until the final determination of such appeal or writ of mandamus.

8.     <u>Recipients of Discovery Materials</u>.  No person receiving discovery materials designated CONFIDENTIAL shall disclose such discovery materials or any information contained therein to any person who is not entitled to receive such discovery materials under paragraph 2.  Each person to whom discovery materials designated CONFIDENTIAL are disclosed pursuant to this Order shall be advised that such information is being disclosed pursuant to, and subject to the terms of, an order of the Court and that the sanctions for any violations of the Order may include penalties which may be imposed by the Court for contempt.  Further, it shall be the responsibility of the Party wishing to disclose discovery materials designated CONFIDENTIAL to any person pursuant to paragraphs 2(b)(iv) and 2(b)(viii) above to ensure that such person executes an Undertaking in the form attached hereto before gaining access to any such material.  Each Party shall maintain copies of such Undertakings and shall make such copies available to the other Party upon request or order of the Court.

9.     <u>Inadvertent Failure to Designate as Confidential</u>.  Inadvertent failure to designate Discovery Material as Confidential Discovery Material shall not constitute a waiver of such claim and may be corrected.  A Producing Party may designate as CONFIDENTIAL any Discovery Material that has already been produced, including Discovery Material that the Producing Party inadvertently failed to designate as "Confidential" by notifying, in writing, the Party to whom the production has been made that the Discovery Material constitutes Confidential Discovery Material, as appropriate.  Upon receiving such supplemental notice, the Parties shall mark and treat the Discovery Material as Confidential Discovery Material, as appropriate, from the date of such supplemental notification forward.  The Party receiving such

4814-1675-9857.1

notice shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes or other such materials generated based upon such newly designated information are immediately treated as containing Confidential Discovery Material, as appropriate.  In addition, upon receiving such supplemental written notice, any receiving Party that disclosed the Discovery Material prior to its designation as CONFIDENTIAL shall exercise its best efforts (i) to ensure the return or destruction of such Discovery Material in the possession of any persons not authorized to receive such material under this Stipulation and Protective Order, (ii) to ensure that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as CONFIDENTIAL, as appropriate, when originally produced, and (iii) to ensure that such Discovery Material is not further disclosed except in accordance with the terms of this Stipulation and Protective Order.

10. <u>Inadvertent Disclosures</u>.  The Parties shall take all steps reasonably required to protect the confidentiality of documents produced in the Litigation that are labeled as "Confidential."   In the event that Confidential Discovery Material is inadvertently disclosed to any unauthorized person or entity, such material shall not lose its confidentiality status by reason of such inadvertent disclosure.  The Party responsible for the disclosure shall immediately inform counsel for the Producing Party of all pertinent facts relating to the disclosure, including, if known, the name, address, and employer of each person to whom the disclosure was made. Without prejudice to the rights and remedies of the Producing Party, the Party responsible for the disclosure shall also make reasonable efforts to retrieve the improperly disclosed Confidential Discovery Material or and to prevent further unauthorized disclosure on its own part and further unauthorized use and disclosure of Confidential Discovery Material by each unauthorized person who receives the information.

11. <u>Inadvertent Production of Privileged Discovery Materials/Clawback</u>.  Due to the large volume of electronic and hard copy data in the possession, custody, or control of the Parties and the numerous concerns regarding attorney-client privilege and work product protection, the Parties agree to the following "Clawback Provision":

    a) The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including but not limited to information or documents that may be considered Confidential Information under this Stipulation and Protective Order, will not be deemed to waive a Party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date.

    b) Any party receiving any such information or document shall return it upon request from the Producing Party, and destroy all copies thereof.  Upon receiving such a request as to specific information or documents, the receiving party shall return the information or documents to the Producing Party within five (5) business days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection.  The receiving party treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).  Disclosure of the information or document by the other party prior to such later designation shall not be deemed a violation of the provisions of this Order.  This Order and Clawback Provision shall be governed by Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B), and is entered pursuant to Federal Rule of Civil Procedure 26(c)(1).

10

12. <u>Destruction or Return of Discovery Materials</u>.  Within 30 days after the Litigation is finally terminated and all available appellate remedies have been exhausted, all Confidential Discovery Material produced in the case, and all copies thereof, including but not limited to any notes or other transcriptions made therefrom, shall be destroyed or returned to counsel for the Party who initially produced such discovery materials.  This paragraph shall not apply to discovery materials that were attached to any submissions filed with the Court or that had been previously permanently discarded or then so discarded, *provided* that counsel for the receiving Party certifies in writing to the Producing Party within the applicable time period that such materials have been permanently discarded.

13. <u>Subpoenas or Other Compulsory Processes Seeking Production of Discovery Material.</u>  If any person in possession of Confidential Discovery Material (the "Receiver") receives a subpoena or other compulsory process seeking the production or other disclosure of Confidential Discovery Material produced or designated as CONFIDENTIAL by a Producing Party other than the Receiver (collectively, a "Demand"), the Receiver shall give written notice (by hand, email, or facsimile transmission) to counsel for the Producing Party (or Producing Parties) within 5 business days of receipt of such Demand (or if a response to the Demand is due in less than 5 business days, at least 24 hours prior to the deadline for a response to the Demand), identifying the Confidential Discovery Material sought and enclosing a copy of the Demand, and must object to the production of the Confidential Discovery Material on the grounds of the existence of this Stipulation and Protective Order.  The burden of opposing the enforcement of the Demand will fall on the Producing Party.  Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Stipulation and Protective Order to challenge or appeal any order requiring production of Confidential Discovery Material covered by this Stipulation

and Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court. Compliance by the Receiver with any order directing production pursuant to a Demand of any Confidential Discovery Material will not constitute a violation of this Stipulation and Order.

14. This Order shall not affect any Party's right to object to the use in this litigation of Discovery on any ground or to use in any manner its own documents or other documents lawfully obtained from a third party. Consent to and entry of this Order shall not restrict the right of any Party to file an application for an order seeking modification of this Order or further protection.

15. Neither this Order nor the designation of any Discovery as Confidential shall constitute an admission or acknowledgment by any Party that any such Discovery is, in fact, confidential, proprietary, or otherwise protectable. The fact that Discovery Material has been designated Confidential shall in no way prejudice the right of any Party to contest the confidential or proprietary nature of any Discovery Material, at the time of trial or otherwise.

16. The parties to this litigation need not include in any privilege log communications between counsel and the parties to this litigation that relate to the litigation and were made on or after the date of the filing of the original complaint.

17. The Court shall determine at the time of trial what legend, if any, shall be permitted to appear on Confidential Discovery Material used as exhibits to be shown to the jury entered in evidence.

18. This Order shall not prejudice or affect any Party's right to object to the authenticity or admissibility of any Confidential Discovery Material used as evidence at the time of trial.

19. Third parties can avail themselves of the protection of this Order to maintain the confidentiality of Discovery Material containing sensitive or proprietary business or financial information by executing a duplicate of this Order and serving a copy thereof on all counsel of record and thereafter producing documents in response to a subpoena in accordance with this Order.

20. This Order shall become binding upon the Parties to this Order immediately upon its being lodged or filed with the Court in the Litigation and shall remain in effect following the termination of this litigation absent an order of this Court to the contrary.  This Court retains jurisdiction over the Parties after termination of the Litigation regarding any dispute concerning the improper use of information disclosed pursuant to this Stipulation and Protective Order.

21. Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future and/or to seek further protection.


Dated:  New York, New York
        September 1, 2020

| ALAN L. FRANK LAW ASSOCIATES, P.C. | WINGET, SPADAFORA & SCHWARTZBERG, LLP |
|---|---|
| /s/ Alan L. Frank | /s/ Harris B. Katz |
| Alan L. Frank, Esq.<br>Samantha Millrood, Esq.<br>Alan L. Frank Law Associates, P.C.<br>135 Old York Road<br>Jenkintown, PA 19046<br><br>45 Broadway, Suite 720<br>New York, New York 10006<br>Tel: (215) 935-1000<br>Fax: (215) 935-1110<br><br>*Counsel for Plaintiff* | Harris B. Katz, Esq.<br>Gina Kim, Esq.<br>Winget, Spadafora & Schwartzberg, LLP<br>45 Broadway, 32nd Floor<br>New York, New York 10006<br>(212) 221-6900 (office)<br>(212) 221-6989 (fax)<br><br>*Counsel for Defendants* |

4814-1675-9857.1

SO ORDERED.

Dated: September 2, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge